UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JERRY P. MCNEIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0073-CVE-SAJ |
| | ) | |
| **MELISSA ANDERSON, Rogers County Assessor,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss (Dkt. # 5) plaintiff's complaint for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint alleges that his real property is exempt from ad valorem taxes assessed by Rogers County and the Oklahoma Tax Commission, and alleges a common law slander of title claim. To support subject matter jurisdiction, plaintiff alleges federal question jurisdiction under 28 U.S.C. § 1331. Specifically, plaintiff claims two separate jurisdictional bases: (1) plaintiff cites the exclusive jurisdiction of the federal courts to hear cases involving admiralty or maritime claims; and (2) plaintiff invokes the exclusive jurisdiction of the federal courts to decide cases relating to federal land patents. However, the Court finds that neither of these bases provides subject matter jurisdiction.

Admiralty jurisdiction has long been the exclusive province of the federal courts. The "primary focus of admiralty jurisdiction is unquestionably the protection of maritime commerce." Foremost Ins. Co. v. Richardson, 457 U.S. 668, 674 (1982). In order to exercise admiralty or maritime jurisdiction, this Court must find a substantial connection between the activity complained of and "traditional maritime activities," unless the plaintiff can point to specific statutory authority creating a federal right to relief. See generally James B. Grubart, Inc. v. Great Lakes Dredge and

Dock Co., 513 U.S. 527 (1995); Sisson v. Ruby, 497 U.S. 358 (1990). The assessment of ad valorem property taxes by the Oklahoma Tax Commission and Rogers County do not in any way relate to the protection of maritime commerce or the regulation of navigable waters, and plaintiff can not rely on admiralty jurisdiction for these claims.

Plaintiff cites two cases to support his arguments that this Court has subject matter jurisdiction to hear claims involving rights under land patents issued by the federal government. In Ward v. Board of County Commissioners, 253 U.S. 17 (1920), the Supreme Court held that federal courts had subject matter jurisdiction to hear claims involving claimants' rights under federal land patents when federal law created an exemption from state taxes for a period of twenty one years after issuance of the patent. Id. at 22. Plaintiff also cites Choate v. Trapp, 224 U.S. 665 (1912), where the Supreme Court invalidated a tax assessment against Indian allotments because of a tax exemption from state taxation created by federal statute. The present case does not concern plaintiff's right to a tax exemption under federal law, but merely concerns the assessment of ad valorem taxes under the laws of Oklahoma.[1] Any exemption plaintiff may seek from property taxes assessed by the Oklahoma Tax Commission or Rogers County would arise under the laws of Oklahoma, not federal law. Therefore, this Court does not have jurisdiction under 28 U.S.C. § 1331.

---

[1] To support his claim for federal subject matter jurisdiction, plaintiff cites a chain of ownership dating back to the Louisiana Purchase. He claims that the subject property was eventually deeded to the Cherokee Nation and that such land has a exemption from state taxes under federal treaties. However, he has had continually paid ad valorem taxes on the property and any exemption he claims from state taxes would arise under a state law.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Dkt. # 5) is **granted**, and plaintiff's complaint is **dismissed** for lack of subject matter jurisdiction.

**DATED** this 22nd day of May, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT