UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERRY P. MCNEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0073-CVE-SAJ |
| | ) | |
| MELISSA ANDERSON, Rogers County Assessor, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Reconsider and Vacate Judgment (Dkt. # 20). Plaintiff filed a complaint in this Court alleging that Rogers County has no authority to assess ad valorem property taxes on his property. He claims his land is exempt from state taxation due to a federal tax exemption. However, plaintiff's assertion is based on an allegation that he holds a federal land patent that is exempt from state taxes based on a tax exemption granted to members of Indian tribes. The chain of title provided by plaintiff clearly shows that the land passed from the original grantee in 1932 and he makes no allegations that the subsequent grantees were tribal members. The Court held that plaintiff's claim for a tax exemption arises only under state law and that plaintiff did not present any basis for this Court to assert subject matter jurisdiction over his claim. Pursuant to Fed. R. Civ. P. 59 and 60, plaintiff asks the Court to reconsider its previous ruling dismissing his case for lack of subject matter jurisdiction (Dkt. # 19) and to vacate that order.

"'The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff's motion was filed within 10 days of the Court's order dismissing his case, so the Court will treat it as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). The Tenth Circuit has stated that "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). In a Rule 59(e) motion, a party may not attempt to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." Id.

Plaintiff argues that this Court has jurisdiction based on 28 U.S.C. § 1338(a), because his claim involves a federal patent. Jurisdiction under section 1338(a) concerns intellectual property patents and copyrights, not land patents. See La Resolana Architects v. Clay Realtors Angel Fire, 416 F.3d 1195, 1198 (10th Cir. 2005); Ausherman v. Stump, 643 F.2d 715 (10th Cir. 1981). Plaintiff's claim does not invoke the exclusive jurisdiction of the federal courts to hear claims regarding "patents, plant variety protection, copyrights and trademarks."

Plaintiff restates his argument that federal question jurisdiction was proper, because this case required the Court to consider the validity of property tax assessed by Oklahoma on land issued directly to the owner by a federal land patent. See Choate v. Trapp, 224 U.S. 665 (1912). Choate is clearly distinguishable from the present case. In Choate, eight thousand members of the Choctaw and Chickawaw tribes sued the state of Oklahoma for assessing ad valorem property tax against the land alloted to them under the Curtis Act. The agreement between the government and tribal members stated that the allotments "shall be non-taxable while the title remains in the original allottee." Id. at 669. The original allottees still owned the land in question, and the holding of the

Supreme Court focused on the power of the federal government to regulate Indian tribes. The Court did not suggest that land allotted to a tribal member was permanently under the jurisdiction of the federal government. In this case, plaintiff has not made any allegations that he is a tribal member, or that the tax exemption created by the federal government for Indian allotments in 1906 still applies to his land. Choate may not be used a basis to create federal question jurisdiction in this case.

Plaintiff cites several cases in his motion to reconsider and in his complaint discussing federal authority to regulate land patents directly issued by Congress and when the land remains under federal regulatory authority. Bagnell v. Broderick, 38 U.S. 436 (1938); Gibson v. Chouteau, 80 U.S. 92 (1871). In one of the cases cited by plaintiff, the Creek Nation was given specific statutory authority to bring a claim in federal court for adjudication of disputes arising out treaties or agreements with the United States, and no statute of limitations was imposed on the tribe's right. United States v. Creek Nation, 295 U.S. 103 (1935). In these limited circumstances, the Supreme Court exercised jurisdiction to hear claims involving rights under federal patents. However, that does not mean that all disputes involving land that can be traced to a federal patent arise under federal law.[1] To invoke federal jurisdiction, plaintiff must do more than make allegations that the federal government issued a patent to the Cherokee Nation in 1906; he must affirmatively allege that

---

[1] The Court has no duty to consider plaintiff's hypothetical claim that, if Rogers County had seized plaintiff's land, he could bring an action to eject a wrongful possessor of the land based on his federal patent. The Court can not issue advisory opinions under the Article III of the United States Constitution. Flast v. Cohen, 392 U.S. 83, 96-97 (1968) ("the rule against advisory opinions also recognizes that such suits often 'are not pressed before the Court with that clear concreteness provided when a question emerges precisely framed and necessary for decision from a clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding interest.'").

3

the land remained the property of the tribal government or its members from 1906 to the present day. Plaintiff has not pled a claim that invokes the jurisdiction of federal courts to hear disputes involving federal lands.

Plaintiff claims that this Court misunderstood the term "subject matter jurisdiction," and to prove his point, he cites Oklahoma case law stating that state district courts have unlimited jurisdiction over civil matters. Federal courts are courts of limited jurisdiction, and are not bound by the decisions of the Oklahoma Supreme Court discussing subject matter jurisdiction of state courts. See Northwest Airlines v. Transp. Workers Union, 451 U.S. 77, 95 (1981) ("it remains true that federal courts, unlike their state counterparts, are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers."). When the plaintiff originally files his case in federal court, he bears the burden to prove that the court has subject matter jurisdiction over his claim. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Contrary to plaintiff's assertion, the Court has no duty to act on plaintiff's claim if he can not first prove that the Court has subject matter jurisdiction.[2]

Plaintiff has not presented any basis for the Court to reconsider its determination that plaintiff's claim does not arise under the maritime jurisdiction of the federal courts. Plaintiff contests the validity of ad valorem property taxes assessed against his land by the state of Oklahoma. This action has no relation to "traditional maritime activities," maritime commerce, or the regulation

---

[2] Plaintiff asserts that the defendant must introduce "verified evidence" to defeat his claim that the federal court has subject matter jurisdiction. Even if the defendant had not raised the issue of subject matter jurisdiction, the Court has an independent duty to ensure it has authority to hear every case before it. Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995); Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988).

of navigable waters.  Plaintiff offers no legal support for his claim that every in rem action or sale and eviction by a state government invokes the maritime jurisdiction of the federal courts.

The proper forum for plaintiff's suit challenging a tax assessment by Rogers County is state court.  Plaintiff has not cited any basis for federal jurisdiction in his complaint, nor has plaintiff offered a valid reason for the Court to reconsider its order dismissing his claim.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider and Vacate Judgment (Dkt. # 20) is **denied**.

**DATED** this 23rd day of June, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT